No. 9002.

HANNAH COLEMAN VS. HIBERNIA INSURANCE COMPANY ET ALS.

An action for damages for a malicious prosecution cannot be maintained, unless malice and want of probable cause are affirmatively shown, and a resulting injury therefrom.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissôt*, J.

*R. King Cutler*, for Plaintiff and Appellant.

*T. Gilmore & Sons*, for Defendants and Appellees.

The opinion of the Court was delivered by

MANNING, J. This suit is for the recovery of ten thousand dollars as damages for an alleged false and malicious prosecution.

The Hibernia Insurance Company bought a certain house and lot at sheriff's sale on October 12, 1874, in foreclosure of its mortgage, and

when about to be placed in possession by the sheriff, the plaintiff interposed by injunction, and by means thereof maintained possession of the premises until a judgment dissolved her injunction June 30, 1879. During this time she paid no rent, and collected rent from her sub-tenants. Finally the company was placed in possession by the sheriff under a writ, the execution of which was vigorously resisted, and she was prosecuted under sec. 818 Rev. Stats. for forcibly taking possession of the property. On trial, she was acquitted by the jury, and hence the present suit.

The suit was dismissed as to the Insurance Company on an exception, from which judgment no appeal was taken. It was tried as to the other two defendants, John Henderson the president of the company, and John Purcell an employee thereof, and judgment was rendered in their favor.

No other judgment could have been rendered. Mrs. Coleman had become liable to a prosecution for trespass by her illegal invasion of the premises from which she had been ejected by process of law. The two defendants were acting as officers of the company in instituting the prosecution, and malice is conspicuously absent as an inciting motive to the prosecution, and abundant probable cause for it is apparent. Barton vs. Kavanaugh, 12 A. 332; Blass vs. Gregor, 15 A. 421; Godfrey vs. Soniat, 33 A. 915.

The plaintiff kept the company at bay several years by an unwarranted use of legal process, and when discomfited in the arena she had selected for the conflict, persisted in disobeying the mandate of the court for her expulsion from the premises, and provoked the interposition of the other arm of the law for her subjugation. She cannot be heard when demanding damages for the use of the criminal prosecution, instituted without malice and with cause.

Judgment affirmed.