## No. 10,330.

JOSEPH COINTEMENT VS. CHAS. A. CROPPER.

41  303<br>51  388

To be relieved from an action in damages for malicious prosecution, the defendant must rebut the *prima facie* proof of implied malice against him, by showing *honest* belief, grounded on *probable* and *reasonable* cause.

The circumstance that advice of counsel was obtained before making the charge, will be no shield, when it does not appear that a full disclosure of all the facts tending to show an *honest* belief, based on *probable* and *reasonable* cause, has been made at the time of consultation.

Excessive damages awarded by a jury will be reduced, in proper cases.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot*, J.

*R. N. Sims* and *Alex Hébert* for Plaintiff and Appellee.

*A. Talbot, Geo. Wailes* and *F. C. Zacharie* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The complaint is that the defendant has wrongfully, falsely, maliciously and without probable cause, prosecuted the plaintiff, accusing him of stealing a cow; that the grand jury ignored the bill and that plaintiff has sustained injury which he sets down at $5135.

In answer, the defendant admits the prosecution; but avers probable cause, acting under advice of counsel.

A verdict for $1000 was returned in plaintiff's favor, on which the court rendered the judgment from which the defendant appeals.

The following are the salient facts:

The plaintiff and the defendant were old neighbors and had been on bad terms for some time. On the evening of the 4th of November, 1886, a cow, which defendant had turned out on the public road and batture, having failed to return, defendant dispatched his son to look her up. The search was fruitless that day; but was renewed during the course of the following day, without success, however. In the evening, the defendant was informed that his cow was locked up in the stable lot of an adjoining property owned by plaintiff, but under the management of a relative. Defendant then sent his son to claim the cow from the manager, who explained the capture and detention, saying, that, on the 5th he had driven a number of cattle, the owners of which he did not know, from his field, planted with cane and corn, and had led them into the lot to keep them from the field, with the intention of turning them out on the public road the following morning. On report of these circumstances, the defendant consulted a lawyer who advised the arrest of the plaintiff and of the manager.

On the charge being made, the plaintiff was arrested. He went three miles from his residence to give bail for his appearance, had to attend court during three days and was finally discharged by the grand jury.

The proof establishes clearly the prosecution and its termination; that the defendant was the prosecutor; that he had no probable cause; that he was actuated by malice and that plaintiff has sustained damages.

There is not in the record a scintilla of evidence, connecting the plaintiff with the capture and detention of the cow in question. The testimony of the manager, on the contrary, shows that he knew nothing of it and had nothing to do with it.

The place to which the cow had been driven, with other cattle from the field, although it belonged to the plaintiff, was not occupied by him, and was not in his possession; but was in that of the manager, who was working it for their joint account.

The parties had been on bad terms as neighbors for a long while but both enjoyed a deserved reputation for respectability.

The cow was not kept hidden, but was placed in a stable lot, where it could be easily seen by anyone in search of strayed animals.

Nothing shows any evil intent or wrongful act, even on the part of the manager.

It is impossible, after reading the testimony in the case, to conclude that the defendant *honestly* believed that the plaintiff had stolen his

Cointement vs. Cropper.

cow, and, even then, that there existed any *probable* and *reasonable* cause, upon which to ground such belief. On the contrary, the mind remains impressed that the defendant acted under malicious instigations.

The attempted justification of the acts of the defendant, from the fact that, before making the charge, he had taken advice of counsel, cannot avail him.

It does not appear from the testimony on that subject, that the defendant stated during the conversation, that the place on which the cow had been taken and kept, was not in plaintiff's possession; but was in that of the manager; that the defendant and the plaintiff were on bad terms; that the plaintiff ever was called upon for a delivery of the cow, or for any explanation; that he knew that it had been placed in the stable lot, or that he had directed it to be caught and locked up there, or elsewhere.

The certainty is, that, had defendant made, to the lawyer whom he consulted, a full disclosure of the material facts, he would not have been advised to act as he has done. Counsel would surely have paused and suggested differently.

So that, this advice is no shelter to the defendant.

It is evident that plaintiff has sustained injury in different ways, particularly in his feelings. It is easy to conceive what mortification he must have endured in seeing his name on the public criminal records, under the charge of the odious offence of larceny; in knowing that his name was in the mouth of every body under that accusation; in being taken from his family and brought as a criminal before the judicial authorities to give an appearance bond; in spending three days at the court-place, during the session of the grand jury, in a state af humiliation, vexation and perplexity, and otherwise.

True the grand jury did him justice by clearing him from the heinous charge; but this exoneration is no complete indemnity for the injury which he has resented. Surely, no one added credance to the verity of the accusation against him; but even this is insufficient to compensate him.

The jury, by a bare majority, found that he should recover $1000; but we think the allowance, under the circumstances, too large, and deem that five hundred dollars would be a sufficient indemnity.

It is therefore ordered and decreed that the verdict of the jury and the judgment of the court on it should be amended by reducing the same to five hundred dollars, and that thus amended the same be affirmed, the defendant to pay the costs below and the plaintiff those on appeal.