## No. 10,386.

### STATE OF LOUISIANA VS. A. H. STRICKLAND ET ALS.

41 513
50 1308

A motion to quash an indictment for the reason that the clerk of the court had not been sworn as a member of the jury commission, made after arraignment, but before trial, will be considered as seasonably made, if it appears from the record that the defect was not known to the accused, or his counsel, on the first day of the term, or before arraignment.

APPEAL from the Sixteenth District Court, Parish of St. Helena. *Brame*, J.

*John H. Stone*, District Attorney, for the State, Appellant:

1. The clerk not being sworn as a jury commissioner is one of the "defects" enumerated in section No. 11 of Act No. 44 of 1887, and to prevail, must be urged on the first day of the term, as well when urged against the legality of the grand jury as against the petit jury. 16 Ann. 141; 21 Ann. 609.

2. The grand jury has no relation to the jury commissioners, except as it is a part of the venire from which it is drawn, and whatever illegality it may have, it is no more than the illegality of the parent venire.

3. Persons charged with crime are required to notice the terms of court, and the drawings of juries; that the grand jury will be selected from the venire of the first week; that all accusations of crime will be laid before the grand jury, their case as well as all others. The records of courts are open to all, and at their peril they must know in what manner jury commissioners are appointed and qualified. 33 Ann. 896.

4. As soon as the affidavit or charge against an accused and other proceedings had in the case before the committing magistrate are forwarded to the proper criminal court, the prosecution must be construed as having been instituted in the latter court. 38 Ann. 1198.

5. The policy of the law that denies to criminals the privilege of taking the chances before petit juries, and then after trial and conviction, urging defenses which set up "defects" of said petit juries, is the same that forbids them the privilege of taking their chances before grand juries, and after indictment urging "defects" to said grand juries.

*W. F. Kernan* and *Ried & Ried* for Defendants and Appellees:

1. The want of qualification of the clerk of the court as jury commissioner, is a matter of substance, and not of form.

2. It is only matters of form that must be objected to on the first day of the term.

3. Matters of substance are not waived the by plea of not guilty, and may be urged before trial and verdict. State vs. Stiles, 5 Ann. 327; State vs. Delerno, 11 Ann. 648; State vs. Cook, 20 Ann. 147; State vs. Palmer, 32 Ann. 565; State vs. Nicholson, 14 Ann. 785.

4. A motion to quash for the want of qualification of the clerk as jury commissioner may be made after the plea of not guilty and before the trial, i. e., in the preliminary stages of the case. Bishop Crim. Prac., vol. 1, sec. 762; State vs. Newhouse, 29 Ann. 825; State vs. Washington, 33 Ann. 897; State vs. Conway, 35 Ann. 350.

The opinion of the Court was delivered by

POCHÉ, J. The State appeals from a judgment which sustained a motion to quash an indictment for murder returned against the defendants.

The ground of the motion was the illegality of the drawing of the venire of the jury from which the grand jury had been formed, for the reason that the clerk of the court, at the time of said drawing, had not been sworn as a jury commissioner.

The proof is that the clerk had not taken an oath as jury commissioner at the time of drawing the venire for that term, and our jurisprudence has settled that such a defect will vitiate an indictment returned by a grand jury drawn from such a venire. State vs. Williams,

State vs. Strickland et als.

30 Ann. 1028 ; State vs. Vance, 31 Ann. 398 ; State vs. Bradley, 32 Ann. 402 ; State vs. Thompson, 32 Ann. 879 ; State vs. Conway, 35 Ann. 350.

But the contention on the part of the State is that the motion to quash was not made in time, as it was made after arraignment and plea of not guilty, and because it was not made on the first day of the term as required by Section 11 of Act 44 of 1877, which reads :

"That all objections to the manner of drawing juries, or to any defect or irregularity than *that* can be pleaded against any array or venire, must be urged on the first day of the term, or all such objections shall be considered as waived, and shall not afterwards be urged."

It is very clear to our minds that this legislation was prompted by the frequent rulings of the courts tending to cure a vicious practice on the part of defendants in criminal prosecutions, who would take their chances of an acquittal before a defective jury, and who would, in case of conviction urge irregularities in the formation of the jury, which they should have set up in the preliminary stages of the trial.

But it is quite plain, and in fact it is conceded in this case, that the letter of the statute cannot be rigidly enforced in all instances; and that it will not apply to a case in which the offense charged was committed after the first day of the term.

It is equally clear that it could not defeat a motion filed by a defendant who was accused or arrested only after the first day of the term. This was the state of facts exhibited in Conway's case, 35 Ann. 350, as appears from the record which we have examined.

For the same reason the prohibition should not apply to a case in which the defect is not apparent on the face of the papers or proceedings, and when the defect is discovered after the first day of the term. And the mischief which jurisprudence had sought to avoid, and which the law was intended to cure, is likewise avoided, if the motion is made after plea but before trial when it appears that the defect was only discovered after arraignment, as was disclosed by the record, now before us, in Bradley's case, 32 Ann. 402.

From the record in the present case, it appears that the defect which did not appear on the face of the papers, was not made known to the accused or their counsel, until or before the very moment that the motion to quash the indictment was filed.

Hence it follows that for that reason and on no other ground, the motion which was filed before that trial must be held to have been seasonably made, and that on authority the judgment which quashed the indictment is not erroneous.

Judgment affirmed.