## No. 11,994.

### Town of Thibodaux vs. Constantin & Bragard.

Appeal from a judgment for less than two thousand dollars ($2000) amount of dues for wharfage.

This court only has jurisdiction when either the constitutionality or legality of the law is at issue.

There was no "contestation" made by the pleadings, as required by the Constitution.

A PPEAL from the Eighteenth Judicial District Court for the Parish of Lafourche. *Caillouet, J.*

---

*Beattie & Beattie* for Plaintiff, Appellee.

*Edward N. Pugh* for Defendants, Appellants.

Argued and submitted January 9, 1896.
Opinion handed down January 20, 1896.

## Motion to Dismiss.

The opinion of the court was delivered by

BREAUX, J.   The appellee alleges that the amount in issue is not within the jurisdiction of this court, and moves to dismiss the appeal.

As relates to jurisdiction *vel non*, the facts are that plaintiff sues to recover the sum of three hundred and sixty-one dollars, with interest, for wharfage dues of one dollar for each landing.   An agreed statement shows that on the front of the town, a distance of about two thousand two hundred feet, there is a construction made of the best cypress timber, at a cost of some eleven thousand dollars, and that there are posts for the convenience of water crafts; also three stairways along the wharf to enable passengers to walk up to the crest of the levee when the river is low.   By agreement, the word "wharf," used in reducing the consent statement to writing, was not to conclude the defendant, who reserved the right to prove that it is not a wharf.   A number of witnesses were examined relative to by-laws regulating the public markets, streets and levees; the plaintiff corporation has about the same authority delegated to the incorporated towns in this State.   It is, under a special section, empowered to levy and collect taxes in such manner and for such amount as the constituted authorities may deem expedient, on all ships, vessels and steamboats mooring at the wharf of the town. Under the terms of the charter, the municipal corporation is a riparian proprietor.   The council passed ordinances requiring all steamboats landing in front of the town to pay in advance, on demand of the collector, a wharfage of one dollar for each landing, provided the steamboat does not remain longer than one week at the landing.

The defendants pleaded the exception of no cause of action or legal right of action.

Under an agreement by counsel the right claimed under the exception was reserved to be passed upon prior to deciding the merits, in case the court overruled the exception.

With this reservation, the defendant answered, pleading general denial. The dues claimed for wharfage, as we understand, are not collected (or at any rate should not be collected) in aid of the treasury or to defray the expenses of the jurisdiction by which it was imposed, but to improve and repair the landing in the interest of commerce and navigation. That question, as we interpret the pleadings, is not before us for decision. The learned counsel for the defendants says that the first question raised under the plea of no cause of action is the right of the plaintiff to levy the tax or toll on the defendants, and that if his contention be correct as to the absolute want of authority of the plaintiff, then there can be no doubt that the legality of the tax is at issue.

We do not think that the exception pleaded is as far reaching as is here contended. It does not raise a question of the unconstitutionality of a legislative act and illegality of a municipal ordinance. The defendant could not set up the illegality of the law in avoidance of the claim without a special averment.

During many years the defendants paid these dues and complied with the law and the ordinance. Upon discovering their illegality and unconstitutionality it devolved upon them to raise these issues if their desire was to appeal to the court of last resort.

If we were to decide the exception and hold that there is a cause of action, in so far as relates to the authority under which the ordinance was adopted, on the merits we would not have jurisdiction of the questions here involved.

Having determined that the exception of no cause of action does not raise issues within our jurisdiction, this brings us to a consideration of the merits of the case in so far as relates to jurisdiction.

The defendants and appellants do not, under the general issue, contest the legality and constitutionality of the ordinance under which he was condemned to pay wharfage dues. They question the right of the municipality to hold them responsible, and to that end deny the facts in the petition.

In State vs. Tsni Ho *et al.*, 37 An. 50, this court said: "It is obvious that the contestation referred to in the Constitution must have existed in the lower court, and that the fact of its existence must affirmatively appear on the face of the record."

In City of New Orleans vs. Hill, 32 An. 1161, 1162, it was held that without "contestation," touching the constitutionality or legality of

the law, this court is without jurisdiction of a question similar to the one in the case here.    The article of the Constitution is clear:    The appellate jurisdiction includes all cases' in which the "constitutionality or legality of any toll or impost whatever, or any fine, forfeiture or penalty imposed by a municipal corporation, shall be in contestation," whatever may be the amount.

Whether on exception, or on the trial of the merits, a "contestation" must be made by pleading in the lower court, touching the constitutionality or legality of the law and the ordinance, in order that this court may exercise jurisdiction.

The questions here are considered with reference to jurisdiction and no further, and, in consequence, it leaves the rights of the defendant undecided, should he appeal to another appellate tribunal, save as relates to our jurisdiction.

The appeal is dismissed at appellants' costs.