Statement.
MONROE, J.
Defendant was sued for $16 for vidanguer service, to be paid in advance, as provided by a city ordinance and a contract entered into pursuant thereto. The ordinance provides that the vidanguer service shall be let out by contract and performed in accordance with regulations prescribed by the board of health, under the supervision of that body; that no oné shall be allowed to perform the service but the *361 •contractor; and that the property owner shall pay the cost. Agreeably to the provisions of this ordinance, the city made a contract with plaintiff whereby he undertook to do the work and to pay the city $1,200 per annum for the exclusive privilege, which amount, according to the terms of the contract, is turned over by the city to the board of health.
Defendant, after excepting, on various grounds, and denying generally the allegations of the petition, further denied “the validity, legality, and constitutionality of the alleged ordinance, * * * which he holds to be invalid, irregular, null, and void and in contravention of the Constitution and law of the state of Louisiana and ultra vires of the city council,” and, upon the issues thus presented, there was a trial, resulting in a judgment for plaintiff, from which defendant has appealed.
Opinion.
The terms of the answer filed in the city court are so very general that it would be impossible for the court, without risk of finding itself at variance with both plaintiff and defendants, even to hazard a conjecture as to the specific defense intended to be relied on. It seems clear enough that it was the intention to assail the constitutionality of the ordinance under which the suit was brought, but there is nothing to indicate an intention to raise any question as to the legality or constitutionality of any tax, toll, or impost, or any fine, forfeiture, or penalty, imposed-by a municipal corporation, nor, as we are informed through the argument, presented here, was the answer interpreted as covering any such defense for the purposes of the trial in the city court; the point relied on at that time being that the ordinance was ultra vires of the city council, because it impinged upon the authority vested in the board of health. If the trial court had declared the ordinance unconstitutional, the case would have been appealable to this court; but, as the ordinance was sustained, as the amount involved is far below that reached by the appellate jurisdiction of this court, and as no other constitutional question, by reason of which such jurisdiction could attach, was raised in the trial court, it follows that this court is without jurisdiction of the appeal. Const, art. 85; State v. Tsni Ho., 37 La. Ann. 50; State v. Clesi. 44 La. Ann. 85, 10 South. 409; Town of Thibodaux v. Constantin & Bragard, 48 La. Ann. 338, 19 South. 135; Kock v. Triche, 52 La. Ann. 833, 27 South. 354.
It is therefore adjudged and decreed that the appeal herein be dismissed.