# Shelton v. Hacelip.

## Malpractice.

(Decided November 14, 1912. 60 South. 471.)

*Physicians and Surgeons; Malpractice; Evidence.*—In an action against a physician for malpractice in the treatment of a child's eye, where the physician testified that he made but one visit in August, 1903, when he prescribed for the eye, and that the next time he was called to see plaintiff was in January, 1904, which was not with reference to the eye, and that that was the first time that he discovered that the eye was out, it was improper to compel him to answer questions as to whether he made any inquiry or examination of the eye between the time he prescribed for it in August, and the time he discovered in January that the eye was out.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. MARVIN WEST, Special Judge.

Action by Velma Hacelip by next friend against John E. Shelton, for malpractice. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. T. LOWE, TENNIS TIDWELL, and E. W. GODBEY, for appellant. Under the evidence the defendant was entitled to the affirmative charge.—*A. G. S. v. McAlpine,* 75 Ala. 113; *N. & C. v. Hembree,* 85 Ala. 481; *A. G. S. v. Moody,* 90 Ala. 46; *Anderson v. B. M. R. R. Co.,* 109 Ala. 129; *Harris v. N. C. & St. L.,* 142 Ala .249; *L. & N. v. Marbury,* 135 Ala. 256; *Shelton v. Hacelip,* 51 South. 937; 78 Fed. 44; 66 N. W. 111; 26 Pac. 459; 9 Atl. 693. On the evidence of the plaintiff's expert, the defendant was entitled to the affirmative charge.—*Prince v. The State,* 112 Ala. 621. The fact that the prescription was filled by another than the doctor prescribing, and that nothing harmful was prescribed, entitled defendant to the affirmative charge.—*Bell v. Skinner,* 111 N. W. 1022. There was no connection between the two visits,

[Shelton v. Hacelip.]

and the court erred in requiring defendant to answer as to whether or not he had made inquiries in the meantime.

KYLE & HUTSON, and CALLAHAN & HARRIS, for appellee. This case has been four times tried and a new trial refused by the lower court as many times, and under the authority of the *Southern Ry. v. Morgan,* 59 South. 432, that fact should be strong and persuasive that the court's action should not be disturbed. Counsel insist that there was no proper assignment of errors, and that therefore they cannot be considered, and hence, there is nothing upon which to base an opinion.—*Tuscaloosa C. O. Co. v. Perry,* 85 Ala. 158; *McNeil v. Kyle,* 86 Ala. 338; *Nat. Fert. Co. v. Holland,* 107 Ala. 417. The appeal should be dismissed because it is not affirmatively shown that the special judge was legally selected and qualified.—46 S. W. 370; 52 Ark. 113; 48 Tex. 228. This court will not weigh the evidence to see whether the jury arrived at a correct verdict, and where there is substantial evidence to support it, it will not be disturbed. —83 Am. St. Rep. 848; 77 Id. 446; 71 Id. 58. The jury is not bound to believe or accept the conclusions of an expert witness.—*Robinson v. Trotwell,* 57 South. 23.

WALKER, P. J.—This is the second appeal in this case. Reference is made to the opinion rendered on the former appeal (*Shelton v. Hacelip,* 167 Ala. 217, 51 South. 937) for a statement of the nature of the controversy between the parties.

The date of the alleged malpractice for which the defendant (the appellant here) is sought to be held to liability was August 10, 1903. It was brought out in the testimony for the plaintiff that, as the defendant was passing the residence of the plaintiff's mother, he was

called in by her on that occasion in consequence of her having telephoned for Dr. Murray, who had recently been attending upon the plaintiff, and finding that he was not at his office, and that the defendant was not at that time the physician who had been treating the plaintiff, then a young child, for the ailment from which she had been suffering. The testimony for the plaintiff tended to show that the defendant was at the house again the next morning, and then saw the child's eye in the condition in which Dr. Murray observed it during the same day when he declared that it was out. The defendant's testimony was to the effect that he made only the one visit in August, when he prescribed for the eye, and that the next time he was called back there to see the child was in January, 1904. He did not remember for what ailment he prescribed for her on that visit, but there is no suggestion in the evidence that the calling in of the defendant on that occasion had any reference to the plaintiff's eye. The defendant having, on his cross-examination, testified that it was on that occasion that he first saw that the child's eye was out, he was required, over objections duly interposed in his behalf, to answer the questions: "You had made no inquiry about it before that?" "You made no inquiry at that time?" "You made no examination of the eye?" We cannot conceive that in asking these questions there could have been any other purpose than to make the defendant's answers to them, especially if they were answered in the negative, as they were, the basis of inferences or implications unfavorable to him. In other words, the effect of overruling the objections to the questions was to permit the facts that the defendant had made no inquiry about the child's eye after he prescribed for it in August, 1903, or when he was called in to treat her for some other ailment in January, 1904,

and that he made no examination of the eye on that occasion, to be put forward as evidences of implied admissions by him of some-culpability on his part in the treatment of the eye for which he had prescribed. We are not of opinion that one's silence or failure to act can be made evidence against him unless the attending circumstances were such as to call for some expression or action by him in reference to the matter about which he then said or did nothing. It is a familiar rule that the fact that one was silent on a given occasion is not admissible in evidence against him unless the occasion was one calling for a statement or expression from him about the matter as to which his silence is sought to be given the effect of an implied admission.—*Peck & Brother v. Ryan,* 110 Ala. 336, 17 South. 733; *Abercrombie v. Allen,* 29 Ala. 281; Jones on Evidence, § 289. The reason underlying that rule also supports the conclusion that the fact of one's failure to do a certain thing should not be provable against him unless accompanied by evidence that there was some occasion for him to do that thing.

There was no evidence tending to·show that, between the dates of the defendant's treatment of the child's eye on the occasion of his visit in August and his professional visit to her in· the following January, anything had happened to which the defendant was a party or with which he was in any way connected which was calculated to elicit from him an inquiry as to the child's eye. Nor was there any evidence of anything being said or done on the occasion of his later visit to call for an inquiry by him about the child's eye or his examination of it. His failure, under these circumstances, to make such inquiries or examinaiton could prove nothing for or against him bearing on the issue in this case, whether he saw the eye in August after it was out, as the plain-

tiff's evidence tended to prove, or first saw that it was out when he was called in to treat the child for some other ailment five months later. Evidence as to such failure could shed no light on the inquiry in this case as to whether the defendant was so in fault in the treatment he had prescribed for the child's eye as to render him liable in damages for the loss of it. His mere failure to make such inquiries or examination could have no legitimate tendency to prove that he was negligent or unskillful in the treatment of the eye or to indicate an implied admission by him of culpability in that regard. The conclusion follows that the court was in error in overruling the objections to the questions above set out, and we are further of opinion that the error was a distinctly prejudicial one, as the evidence so improperly admitted might well be made the basis of a plausible appeal to the jury to give the defendant's subsequent silence and inaction a significance and an incriminating effect to which it was not entitled.

As that error must work a reversal, we do not deem it necessary to discuss or decide other questions presented.

Reversed and remanded.