(66 South. 763)

No. 20146.

BANKEN v. LOCKE.

(Nov. 30, 1914.)

*(Syllabus by the Court.)*

1. MALICIOUS PROSECUTION ⬥═35 — RIGHT OF ACTION—DISMISSAL OF PROSECUTION.

A suit for damages for malicious prosecution may be filed after the criminal prosecution has been nolle prosequied by the district attorney.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 71–77; Dec. Dig. ⬥═35.]

2. MALICIOUS PROSECUTION ⬥═49—PETITION —SUFFICIENCY.

An allegation in the petition that the defendant caused the arrest of plaintiff "without cause or justification" is sufficient to sustain an action for damages for malicious prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 94–96; Dec. Dig. ⬥═49.]

3. MALICIOUS PROSECUTION ⬥═50—PETITION —ALLEGATION OF MALICE—SUFFICIENCY.

An allegation that the defendant caused the plaintiff to be arrested on a criminal charge "in order to carry out his wicked and malicious designs, and to harass and annoy petitioner," is a sufficient allegation of malice on the part of defendant.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 97; Dec. Dig. ⬥═50.]

*(Additional Syllabus by Editorial Staff.)*

4. MALICIOUS PROSECUTION ⬥═20—"PROBABLE CAUSE."

The term "probable cause," as used with reference to an action for malicious prosecution, means a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a prudent and cautious man in the belief that the person accused is guilty of the offense with which he is charged (citing Words and Phrases, Probable Cause).

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 26–28; Dec. Dig. ⬥═20.]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; A. M. Barbe, Judge.

Action by B. H. Banken against George Locke. From judgment for defendant, plaintiff appeals. Reversed and remanded.

R. L. Belden, of Lake Charles, for appellant. Pujo & Williamson, of Lake Charles, for appellee.

SOMMERVILLE, J. Plaintiff appeals from a judgment maintaining an exception of no cause of action to his petition, in a suit for damages arising from an alleged malicious prosecution.

Plaintiff alleges that defendant caused him to be indicted by the grand jury of the parish of Calcasieu for cutting and removing timber from certain lands, which lands defendant claimed to be the owner of; and, again, that defendant caused an information to be filed against him by the district attorney of the same parish.

The petition does not state clearly that the information filed by the district attorney, under which he was arrested and arraigned, was for the same cause as that for which he had been indicted by the grand jury. The allegation with reference to this last arrest is:

"That George Locke, in order to carry out his wicked and malicious designs, and to harass and annoy petitioner, the said George Locke did on the 30th of May, 1912, again caused your petitioner to be indicted, or an information filed, and your petitioner was arrested, brought before the Fifteenth judicial district court, arraigned in the presence of a large number of persons, to his great humiliation and disgrace, all of which was done without any cause or justification on the part of Locke."

The allegations in this petition are exceedingly vague and indefinite; but the exception filed and now under consideration is that of no cause of action.

[1] It is argued in support of the exception that the information filed by the district attorney having been nolle prosequied by that officer, without a trial of the case on the merits, and without an acquittal of the accused, plaintiff has no cause of action against defendant.

Every act whatever of man that causes damage to another obliges him by whose fault it happens to repair it. Damages for malicious prosecutions have been very frequent in the courts. And the allegation by plaintiff that defendant caused him to be arrested and arraigned, taken with other essential allegations, is sufficient to sustain a cause of action, although petitioner also alleges in his petition that the district attorney subsequently "dismissed the case or prosecution." Such action on the part of the district attorney may not be a final disposition of the cause, but it (the cause) is terminated for the present. Barton v. Kavanaugh, 12 La. Ann. 332.

The prosecution of a cause does not always involve a trial. It may be the institution or commencement of a criminal suit, as well as the pursuing of the charges made to final judgment on behalf of the state. But the suit must be instituted by some officer whose duty it is to prosecute criminals to amount to a prosecution. In this instance it appears that the prosecution had terminated in a nolle prosequi entered by the district attorney; and plaintiff therefore had the right to institute this suit in damages.

[2] Defendant further argues that plaintiff has not alleged in his petition that he (defendant) acted in the criminal case referred to "without probable cause." Plaintiff's allegation is that defendant acted "without any cause or justification." Without any cause may be without legal or good cause, which would include "probable cause"; and to have acted without "justification" is to charge that defendant's action was without any defense.

[4] The term "probable cause," as used with reference to an action for malicious prosecution, means a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a prudent and cautious man in the belief that the person accused is guilty of the offense with which he is charged. Words and Phrases, p. 5620. So that, when plaintiff alleged that defendant acted "without any cause or justification," he charged that defendant acted without any cause whatever, reasonable or unreasonable, and without basis or ground for his action, that justified him (defendant) in having had plaintiff arrested and arraigned for trial for the commission of the crime charged against him.

"Want of probable cause" is generally alleged in a petition in cases like the present, while "probable cause" constitutes a defense to an action for malicious prosecution; and defendant may show that the facts are of such a character as warranted him, a man of ordinary care and prudence, in filing the complaint. The allegation in plaintiff's petition is sufficient.

[3] Defendant further argues that the paragraph copied above from the plaintiff's petition does not "charge that the defendant had wicked and malicious designs against the plaintiff." The allegation is:

"That George Locke, in order to carry out his wicked and malicious designs, and to harass and annoy petitioner," etc.

The allegation, although vague, is sufficient.

It is further alleged in the petition that defendant caused the district attorney to file an information against him (plaintiff) under which he was arrested and arraigned in court, which allegation, though vague, is sufficient to admit of evidence going to show that the defendant made an affidavit before the district attorney, or that he caused others to make affidavits, charging plaintiff here with having committed the crime mentioned.

The judgment appealed from is reversed, and the case is remanded to be proceeded with in accordance with law.