LAND, J.
Plaintiff, while mayor of the town of Abita Springs, parish of St. Tammany, was made defendant in a suit or proceeding instituted by the district attorney, under article 222 of the Constitution, to remove him from office. The suit was instituted on the written request and information of 29 citizens and taxpayers of the said town of Abita Springs, claiming to have knowledge of the fact that J. E. Glisson, Mayor, etc., had been guilty of nonfeasance and malfeasance in office, and favoritism, gross misconduct, and conduct unbecoming an officer.
The suit, during the trial thereof, was dismissed on the motion of the district attorney.
Thereafter the plaintiff instituted the present action against 22 of the signees of said written request to the district attorney to recover the sum of $50,647 as damages for the malicious prosecution of said suit.
The defendants filed an exception of no cause of action, which was maintained by *26 the lower court, and the suit was dismissed. Plaintiff has appealed.
[1, 2] The petition represents that all of the defendants did maliciously act together, conspire, and assist each other in an effort on their part to destroy the plaintiff as a private citizen and public official, to destroy his personal and business and official reputation, to humiliate him and his family, and to unjustly and without probable cause have him impeached as mayor of the town of Abita Springs.
The petition further represents that in aid of their said malicious purposes and conspiracy defendants did write or have written, sign, circulate, and cause to be circulated, and did utter and publish, a petition to the district attorney containing libelous, defamatory, and false charges against the plaintiff, as shown by copy annexed to his petition.
The petition then sets forth the charges contained in the said petition or request to the district attorney, and alleges:
“That in circulating and publishing, signing and seeking the signatures of other persons the defendants herein did maliciously make false, defamatory, and libelous charges against your plaintiff. And they intended to and did maliciously injure him before the public, and in the esteem of many citizens of the state of Louisiana who had known your plaintiff for many years.”
The petition further represents that the defendants, in aid of and to further their aforesaid malicious purposes and conspiracy, presented their said petition to the district attorney, and on said petition, with the aid of private counsel employed by defendants for that purpose, the district attorney instituted suit against the plaintiff, and that in the petition aforesaid the district attorney, aided by private counsel employed by defendants, did make, without probable cause, unfounded, libelous, and malicious charges against your plaintiff; that the said allegations and charges, though probably not the fault of the district attorney, were founded on the misrepresentations of the defendants; that said allegations were not only false and malicious, but damaging, as appears from the following quotation:
“That since the said J. E. Glisson has qualified as mayor, and on various occasions thereafter, he has been guilty of nonfeasance and malfeasance in office, of corruption, favoritism, of oppression in public office, of gross misconduct, conduct unbecoming an officer, and habitual drunkenness.”
The petition represents that said petition also contained a charge that the plaintiff had unlawfully signed a warrant for $50 on the town treasurer to pay a debt contracted by plaintiff for his own account.
The petition further represents that, when the removal suit was called for trial, defendants herein, who were plaintiffs in said suit, acting through their attorneys, placed certain witnesses on the stand, but they failed to sustain their charges and allegations, and after the trial had proceeded for one day and nearly a half the suit was dismissed by the district attorney.
The petition charges that in signing and circulating the said petition, and in presenting the same to the district attorney, and in causing him to institute the removal suit, and in undertaking to place witnesses on the stand, the defendants acted maliciously and without probable cause.
[4] The objection that the petition does not allege that the removal suit had been terminated by judgment on the merits is bad under our jurisprudence. See Banken v. Locke, 136 La. 157, 66 South. 763.
[3] The objection that the petition does not charge that the defendants knew' that the charges made by them were false is without merit.
[5] The petition alleges the essential elements of want of probable cause, and malice. This is all the law requires as to the scienter of the defendants.
“Malice, as well as absence of probable cause, must be alleged; otherwise the declaration or complaint is bad on demurrer.” 26 Gyc. 75.
“The term ‘probable cause,’ as used with ref *28 erence to an action for malicious prosecution, means a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a prudent and cautious man to believe that the person accused is guilty of the offense with which he is charged.” Banken v. Locke, supra.
Hence the allegation that the defendants acted “without probable cause” necessarily implies that they had no reasonable ground of suspicion to warrant them in making the charges set forth in their petition.
We know of no case holding that the plaintiff, in a suit like this, is bound to allege specially that the defendants knew that the charges made by them were false. Plaintiff, under all the authorities, is only required to prove malice and the absence of probable cause for the prosecution. 1 Hennen’s Digest, p. 823; 26 Cyc. 8. What plaintiff is not called upon to prove he is not required to allege. The scienter of the defendants as to the falsity of the charges is necessarily implied in the allegations that they made them in malice and without probable cause.
Counsel for defendants cite Dickinson v. Hathaway, 122 La. 644, 48 South. 136, 21 L. R. A. (N. S.) 33, a suit for damages for an alleged libel contained in an answer to a business letter. In that case the petition did not allege the publication of the libelous matter, or that the statements in the letter were false and untrue, to the knowledge of the defendant.
Whether it is necessary in such a libel suit for plaintiff to allege that the defendant knew that the charges were false is a question not necessary for us to consider in this case.
Defendants further object that the petition presented by them to the district attorney was a privileged communication. In Lescale v. Joseph Schwartz Co., 116 La. 293, 40 South. 708, this court held that the common-law rule that iñ a suit for libel based on judicial allegations the verity of material allegations cannot be inquired into, but that such allegations are absolutely privileged, has no place under article 2315 of our Civil Code, and that a judicial allegation is not privileged unless founded on probable cause.
It is therefore ordered that the judgment below be reversed, and it is now ordered that defendants’ exception of no cause of action be-overruled, and that this cause be remanded to the district court for further proceedings according to law; defendants to pay costs of appeal and costs below incurred by reason of the exception.