STEVENSON v. LEWIS

(June 21, 1926, Opinion and Decree)

(Syllabus by the Court.)

1. Louisiana Digest—Malicious Prosecution—Par. 3, 7, 17, 18.

In an action for malicious prosecution, the circumstances that advice of counsel

was obtained before making the charge will not avail as a defense unless it is shown that the facts known to defendant were fully and fairly communicated by him to counsel.

Appeal from the First City Court of New Orleans, Section "B". Hon. Val. J. Stentz, Judge.

Action by Edwarda Julia Stevenson against Charles J. Lewis.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. A. Woodville, of New Orleans, attorney for plaintiff, appellee.

Frank McLaughlin, of New Orleans, attorney for defendant, appellant.

PHELPS, Judge Ad Hoc. Both parties to this suit are colored persons. Plaintiff, Edwarda Julia Stevenson, and her husband occupied a house of defendant, Charles J. Lewis, on a month-to-month lease. The rent was payable in advance on the 27th of each month. On June 15, 1925, at which time the rent for May and June appears to have been unpaid, defendant notified plaintiff's husband to vacate the premises. He complied with this demand by moving out two days later. In the process of moving a chandelier globe, a strip of plaster about two inches wide, and a window pane were broken. The total damage amounted to less than $5.00. Defendant knew of the damage shortly after it occurred. On August 11, 1925, he made written demand on plaintiff's husband for the payment of rent for two months. On August 26, 1925, defendant filed an affidavit in the Criminal District Court for the Parish of Orleans, charging plaintiff with willfully and maliciously destroying defendant's property in violation of Section 829 of the Revised Statutes. Plaintiff learned of the charge and appeared and gave bond without being actually arrested. She was tried in the Criminal District Court and acquitted.

Plaintiff claims the sum of $300.00, consisting of $150.00 for "mental pain and anguish" and $150.00 paid by her to counsel as his fee for defending the criminal case. It is shown that the latter amount was actually paid. There was judgment below for $200.00. Defendant appealed and plaintiff has answered the appeal and asked that she be allowed the full amount claimed.

We think it manifest that the criminal charge was made without probable cause and for the sole purpose of compelling the payment of the past due rent. Defendant sets up that the charge was made on the advice of an assistant district attorney; but he fails to state what facts were disclosed by him to the district attorney, and it is inconceivable that the charge would have been made if the facts known to defendant had been fully and fairly communicated by him to that officer. It is well settled that the fact that a criminal charge is made on advice of counsel is no defense to an action for malicious prosecution unless it is shown that all of the material facts were fully and fairly stated to counsel by the party making the charge. (Decoux vs. Lieux, 33rd La. Ann. 392; Cointement vs. Cropper, 41 La. Ann. 303, 6 South. 127.)

Plaintiff was clearly entitled to recover from defendant the damages sustained by her as a result of the malicious prosecution. We think that the amount allowed by the court below does substantial justice between the parties. The judgment is, therefore, affirmed.