ELLIS, Judge:
This is an appeal by plaintiff William S. Williams from a judgment sustaining an exception of no cause of action filed by defendant Templet Shipyard, Inc. and dismissing plaintiff’s suit.
The essential allegations of the petition are as follows:
“2. Williams Shrimp Corporation is a domestic corporation domiciled at Patterson, Louisiana and is the owner of the M/V ROSE MARIE.
“3. Defendant performed various items of repair on the M/V ROSE MARIE on July 28, 1970 at a cost of $4,678.84 for Williams Shrimp Corporation.
“4. Defendant knew it was doing the work for Williams Shrimp Corporation.
“5. Defendant knew the M/V ROSE MARIE sank on 25 February 1971.
“Defendant filed suit against the Williams Shrimp Corporation and William S. Williams.
“7. Defendant had no authority to sue William S. Williams.
“8. Defendant misused civil process by suing William S. Williams and defendant knew before suit was instituted that defendant did not have a right or cause of action against William S. Williams individually.
“9. Templet Shipyard, Inc. sued William S. Williams when it knew it had no right or cause of action against him which caused plaintiff embarrassment, humiliation and damaged his credit standing and caused him to incur attorneys fees.”
Plaintiff contends that, under the above allegations, he has a cause of action against defendant “in that defendant sued him personally to collect a debt owed solely by a corporation which he owns.”
This action must be characterized as one for damages for malicious prosecution. In order to state a cause of action in such a suit, the plaintiff must allege the termination of the proceeding complained of in his favor, lack of probable cause for the said suit, and malice on the part of the defendant. Eusant v. Unity Industrial Life Ins. and Sick Benefit Ass’n, 195 La. 347, 196 So. 554 (1940); Meyers v. Edwards, 256 So.2d 337 (La.App. 1 Cir. 1971).
The only one of the above three elements which is alleged in this case is lack of probable cause. Plaintiff has alleged neither malice nor termination of the suit complained of in his favor.
He has therefore not alleged a cause of action, and the exception was properly maintained below. Plaintiff has not contended that the deficiencies of his petition can be corrected by amendment.
The judgment appealed from- is affirmed, at plaintiff’s cost.
Affirmed.