303 So.2d 211 (1974)
Robert HARVEY
v.
Alvin E. BERTAUT.
No. 6250.
Court of Appeal of Louisiana, Fourth Circuit.
September 3, 1974.
Supplemental Opinion September 10, 1974.
Luke J. Fontana, Jr., New Orleans, for Robert Harvey, plaintiff-appellee.
Leroy J. Falgout, Kenner, for Alvin E. Bertaut, defendant-appellant.
*212 Before LEMMON, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This is an appeal from a judgment rendered in favor of plaintiff Robert Harvey against defendant Alvin E. Bertaut for damages as a result of malicious prosecution. Plaintiff-appellee answered the appeal, seeking additional damages.
The facts are these. On February 1, 1972, Alvin E. Bertaut appeared before a justice of the peace in Jefferson Parish and swore to an affidavit alleging that on May 30, 1969, Harvey committed the crime of theft of $225.00 through fraudulent practices and representations as follows:
"Said Harvey did sell to Bertaut merchandise, which was allegedly stolen from the X-ray Dept of the Touro HospitalWhen Bertaut paid Harvey with his check, for the alleged stolen merchandise, Bertaut was told by J. Fant Taylor, that the merchandise was stolen, Bertaut returned the property or merchandise immediately to Harvey, at the time requesting his check for $225.00 be returned to himHarvey instead took said check and cashed same and kept the moneycontrary to the forms of the Statutes of Louisiana, in such cases made and provided, and against the peace and dignity of the same.
"WHEREUPON, deponent charges that said Robert T. Harvey having committed theft prays that he may be arrested and dealt with according to law."
Based upon this affidavit, an arrest warrant was issued, Harvey was arrested and placed in jail under $500.00 bail. He posted a bail bond and was released. In due course the District Attorney for Jefferson Parish filed a bill of information on May 2, 1972, Docket No. 72666, Twenty-fourth Judicial District Court, charging Harvey with the crime of Theft (R.S. 14:67) of Bertaut's $225.00. On June 22, 1972, the District Attorney decided not to prosecute for reason of insufficient evidence and formally entered a nolle prosequi on July 6, 1972, dismissing the charge. No further prosecution was had.
Undeniably, Harvey's arrest and prosecution were instigated by Bertaut. The general rule is that, in such a case, in order to recover damages for malicious prosecution, the plaintiff must prove: (1) termination of the proceeding in favor of plaintiff, (2) lack of probable cause, and (3) malice on part of the defendant. Williams v. Templet Shipyard, Inc., 278 So.2d 895 (La.App.1973); Meyers v. Edwards, 256 So.2d 337 (La.App.1971); Cormier v. Blake, 198 So.2d 139 (La.App.1967); Cox v. Cashio, 96 So.2d 872 (La.App.1957).
It is equally evident from the facts related above that the prosecution was dismissed by the District Attorney and no further prosecution was had. This constitutes a termination in favor of plaintiff. Cormier v. Blake, supra; Banken v. Locke, 136 La. 155, 66 So. 763 (1914).
The major issues in this case are lack of probable cause and malice. The record discloses the following pertinent facts.
On February 17, 1969, Harvey purchased 13 boxes of Kodak X-Ray film from Professional Products & Supply Co. for $183.75. This price was a reduced price because the film was reaching its expiration date within 90 days. His purpose was to re-sell the film at a profit to a consumer. In May, 1969, he told Bertaut he had some film for sale, and Bertaut, who had himself previously sold some x-ray film, decided to buy it for re-sale. Accordingly, a price of $225.00 was agreed upon and on May 30, 1969, the film was delivered to Bertaut who issued a check for the purchase price. The check was presented for payment on or about June 3, 1969, and was refused for insufficient funds. It was represented on June 17th and paid. Shortly before June 17th, Bertaut became suspicious that the film was stolen and returned *213 it to Harvey. However Harvey did not return the check but cashed it instead.
Bertaut contends (and testifies) that he had a sale for the film but the purchaser demanded some proof of ownership of the film. He contacted Harvey for some proof, but Harvey, who was an x-ray technician for Touro Infirmary, told him the film was stolen. Bertaut had previously heard from a part-time employer of Harvey, J. Fant Taylor, that the film might be stolen. Acting on these statements, he returned the film and demanded his money. After unsuccessfully trying to secure repayment by his own efforts and through an attorney for 32 months, he decided to bring a criminal proceeding against Harvey.
Opposed to this, Harvey contends (and testifies) that he never stole the film but legally purchased it, that he considered the sale final because of the expiration date of the film, that Bertaut was aware of the circumstances surrounding the film, that the film was ruined when Bertaut returned it and could not be sold. He denies telling Bertaut it was stolen.
The trial judge resolved this conflict of testimony in plaintiff's favor and we must agree. The defendant's testimony stands alone. On the other hand, the plaintiff is corroborated by the following: The Chief X-ray technician who has charge of the x-ray film at Touro testified no such film had been stolen or was missing; the owner of Professional Products had personal knowledge of and verified the sale; Mr. Taylor denies any discussion with Bertaut about the sale of the film until after the dispute developed. We find Mr. Taylor's testimony especially significant since he is the witness relied upon by Bertaut in making the criminal affidavit. In determining the element of probable cause, the court examines the reasonableness of a person's belief of guilt in the light of the circumstances existing at the time. The trial judge found "no basis whatsoever upon which he could have accused plaintiff of theft" and we agree.
A consideration of the evidence also convinces us that defendant did not act in good faith, but acted out of malice. Defendant tells us that he attempted to obtain civil relief without avail for 32 months before someone suggested making the criminal charge, but produced no corroborating witness either to his effort to collect or to show he acted upon reasonable advice. Instead, the record tends to show a series of confrontations between the parties over the sale, the last of which took place in a bank shortly before the affidavit was filed. We are impressed by the long delay from the time of the sale to the making of the affidavit. We find it unreasonable to make a charge based upon unfounded allegations of the film being stolen, without any investigation whatever, after so long a time.
Defendant seeks to justify his action by saying he was just trying to collect his money. Criminal prosecution cannot be justified as a means of collecting a disputed business debt. The court stated in a rather old but pertinent case, Cannell v. Michel, 6 La.Ann. 577 (1851):
"The use of criminal process to enforce a Civil claim is an intolerable abuse even where the claim exists. But if the claim is unfounded, it shows a recklessness of the rights and character of others which amounts to malice."
See also Lucas v. Ludwig, 265 So.2d 245 (La.App. 4th Cir. 1972).
We conclude plaintiff has proven all the elements necessary to show a malicious prosecution and we pass to a consideration of damages. In this regard we simply relate the findings of the trial judge which are amply proven in the record, and with which we agree.
"Plaintiff has a heart condition, described as a `skipping heartbeat'. Medical evidence adduced at the trial indicates that the arrest and loss of his job aggravated this condition.

*214 "Plaintiff was placed through a rather traumatic experience by having police come to his home and arrest him in the presence of his wife and children. Additionally, he was refused employment at a salary of $750.00 a month as a result of the charges which were pending against him at the time he applied for employment at Charity hospital as an x-ray technician. He was not employed until August of 1972. He was also denied admission to Loyola Law School as a direct result of the charges pending against him but was subsequently able to enter the law school when the charges were dropped.
* * * * * *
"Plaintiff has proven to the Court that he has expended the sum of $200.00 in medical treatment, attributable to this incident. He has lost wages of $750.00 for three months for a total of $2,250.00. He was put to the expense of retaining an attorney for which the fee of $500.00 indicated by plaintiff and his attorney appears to be reasonable. He has also expended the sum of $50.00 to pay bail bondsmen in order to secure his release from jail. All the above are awarded as special damages to plaintiff.
"The Court has taken a long, hard look at the evidence presented with regard to plaintiff's physical and mental injuries herein. The Court is of the opinion that the sum of $2,500 is proper and just herein. Therefore the total award will be $5,500.00."
For the foregoing reasons, the judgment appealed from is affirmed at appellee's costs.
Affirmed.

Supplemental Opinion
In this matter it was called to our attention that we have assessed costs against appellee. This is in error. It was our intention, and we do now assess costs against appellant.