(139 So. 576)

## JACKSON v. STATE.
### 8 Div. 464.

Court of Appeals of Alabama.
Feb. 9, 1932.

F. S. Parnell, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

**SAMFORD, J.**

The record in this case has been read and considered. We are of the opinion that there are no errors affecting the substantial rights of the defendant, and the judgment is affirmed.

We note that charges D, E, and F were refused by the court "as coming after the completion of the oral charge." Section 9509, Code 1923, provides that charges moved for by either party must be in writing and must be given or refused in the terms in which they are written; and it is the duty of the judge to write "given" or "refused," as the case may be, on the document and sign his name thereto, which thereby becomes a part of the record. We know of no law which authorizes the judge to indorse the reason for his refusal to approve on the charge, or to fix, by rule of his own, the time at which the charge should be presented for his consideration. It not infrequently happens that requested written charges are explanatory of the court's oral charge and cannot be presented until the oral charge is delivered; or it may be the court has omitted to charge on certain phases of the evidence, if so a written charge requesting the instruction could not be prepared in anticipation of the omission. Charges in writing moved for by either party and presented to the trial judge at any time during a trial and before the jury retires must be given or refused as is provided for in section 9509, Code 1923. Northcot v. State, 43 Ala. 330, opinion page 334.

The judgment is affirmed.

Affirmed.