174 So. 311

## PORTER v. STATE.

### 6 Div. 1.

Supreme Court of Alabama.

March 11, 1937.

Under the provisions of Section 7311, Code 1923, I hereby certify a question of law as to which the judges of the Court of Appeals are unable to reach an unanimous conclusion. The question here certified is involved in certain cases appealed to this court and now pending.

In one of the cases here pending the defendant was tried and convicted in the lower court of a felony and was sentenced to serve an indeterminate term of imprisonment in the penitentiary of not less than six years nor more than eight years. One of the chief insistences to effect a reversal is thus stated by counsel for appellant:

"One of the chief grounds for appeal of this case is the action of the court exhibited on page 35 of the transcript. The court ex mero motu made the following statement to the reporter in the case:

" 'Under the rules of the Circuit Court, giving the Judge the right to limit the written charges, the Court being handed 23 charges, refused to consider all charges except 6, which the defendant's counsel may present for the consideration of the Court, and he excepts to the ruling of the Court on that statement of the Court.'

"The exceptions of the defendant and the defendant's insistence that the Court give certain written charges to the jury is fully set out on page 35 of the transcript."

The abstract question certified is: Did the trial court violate section 9509 of the Code 1923, in making said order, supra, the provisions of said Section being to the effect that "written charges must be given or refused in the terms in which they are written," etc.

Respectfully submitted,

C. R. Bricken,
Presiding Judge.

Note: For the information of the Supreme Court, I am hereby transmitting the views of one of the members of this court on the question certified. These views are contained in an opinion, not finally concluded, in a case here pending.

Response to Question certified by Court of Appeals.

L. B. Porter was convicted of a felony, and he appealed to the Court of Appeals, which certified a question to the Supreme Court under Code 1923, § 7311.

Question answered.

Answer to certified question conformed to in 27 Ala.App. 441, 174 So. 313.

To the Supreme Court of Alabama:

"We find the following as a part of the bill of exceptions: 'The Court: "Make a note of this, Mr. Reporter, that after the Court commenced his oral charge to the jury the defendant presented twelve written charges, Nos. 1 to 12, inclusive, which under the rules of this Court, the Court refuses to pass on or give to the jury, and the defendant excepts." ' What the rules of the circuit referred to contain this court is not

advised, as they nowhere appear in the bill of exceptions; but, whatever they are, or may be, they could not change the rule of practice as provided by the Legislature of this State and contained in section 9509 of the Code of 1923, which declares: 'Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written; and it is the duty of the judge to write "given" or "refused," as the case may be, on the document, and sign his name thereto; which thereby becomes a part of the record.'

■ "We do not, by this opinion, intend in any way to limit the inherent right of courts of general jurisdiction to make such rules as are necessary in the dispatch of business in said courts, but it is within the power of the Legislature, subject to such provisions as may be incorporated in the Constitution, to establish rules of procedure, by which courts shall exercise jurisdiction and conduct the trial of cases, and where a positive rule of practice is established by statute, the courts have no discretion in the matter. 15 Corpus Juris, 901 (275).

■ "Nor is it within the power of a nisi prius court to fix any particular time during the progress of the trial at which written charges moved for by either party must be presented to the judge for his consideration, but, upon presentation to him, it becomes his duty to consider such charges; and, at some time prior to the retirement of the jury to consider the case, he must mark such charges either 'given' or 'refused' as required by the statute.

■ "This statute was designed to prevent arbitrary rulings of trial judges and must be given its full meaning, and without limitation, otherwise it would fail of its purpose. When a judge fails to comply with this statute, he denies a right conferred by law and deprives the party of the opportunity of revising in an appellate tribunal the correctness or incorrectness of the requested instructions. Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Kiker v. State, 27 Ala.App. 306, 172 So. 288."

To the Court of Appeals of Alabama:

Response to question certified by the Court of Appeals under section 7311, Code of 1923.

PER CURIAM.

■ We entertain the view that the subjoined opinion to your inquiry by a member of your court correctly answers the inquiry, and we concur therein.

To the case of Barnewall v. Murrell, 108 Ala. 366, 18 So. 831, may be added, from this court, Northcot v. State, 43 Ala. 330, and from the Court of Appeals Vinson v. State, 10 Ala.App. 61, 64 So. 639, and Jackson v. State, 24 Ala.App. 601, 139 So. 576, which authorities, we think, lead inevitably to this conclusion.

As to whether reversible error, in the particular case, is presented in consideration of Supreme Court Rule 45, and the noted section 9509, Code, is not a question involved in your inquiry.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.