45 So.2d 333

**PATTY et al. v. STATE.**

**7 Div. 34.**

Court of Appeals of Alabama.

Feb. 28, 1950.

Rehearing Denied March 28, 1950.

Hugh Reed, Jr., and Irby A. Keener, of Centre, for appellants.

A. A. Carmichael, Atty. Gen., and Alfred W. Goldthwaite, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This cause was submitted on the record proper. Pursuant to a writ of certiorari issued by this court after the original submission of this cause had been set aside, a certified copy of the judgment entry from the clerk below has been forwarded to this court.

The appellants were indicted jointly, the indictment containing two counts, one charging burglary, and the other charging grand larceny.

The judgment entry forwarded pursuant to the writ of certiorari shows that both of the accused entered pleas of guilty, and were by the court adjudged guilty of grand larceny.

The said judgment then recites: "And now on the 30th day of March 1949, the defendants being present in open court in person, and being asked by the court if they had anything to say why the sentence of the law should not be pronounced upon them say nothing. It is therefore considered and adjudged by the court and it is the judgment and sentence of the court

that the defendants, R. B. Patty and Leonard Weaver, be imprisoned in the penitentiary of the State of Alabama for a period of 4 years, *each."* (Italics ours).

 Appellants' counsel argues that the above constitutes a joint sentence, rather than one several as to each accused. This argument is untenable. The use of the word each constituted a sentence on each one of the defendants separately. See Vol. 14, Words and Phrases, Perm.Ed., page 5, for numerous legal definitions and interpretations of the word "each."

Otherwise, no error probably injurious to the substantial rights of appellants is disclosed by this record proper, and this cause is hereby affirmed.

Affirmed.

### On Rehearing.

Counsel for appellant in his brief in support of his application for rehearing asserts that we should set aside our judgment of affirmance for the reason that no notice of the issue of the writ of certiorari to correct the record was given to appellant, and further, that the certified judgment forwarded pursuant to the writ is not a correct copy of the judgment.

Attached to the application for rehearing, as an exhibit is a photostat of what purports to be the judgment entry, which differs from the judgment certified to this court by the clerk of the court below. The document so reproduced appears to be in the nature of bench notes.

This aside however, Supreme Court Rule 19, Code 1940, Tit. 7 Appendix, provides that "a certiorari to perfect or bring up a complete record may be awarded at the first term, on motion of either party, if its object be to sustain a judgment, without a showing; * * *."

 Such certiorari is merely ancillary to the main appeal, its function being to get before the court the true record of the proceedings below. There is no provision in Rule 19, supra, for notice. Even prior to Rule 19, it was proper, when

practicable, to supply diminutions of a record instanter. Brown and Parsons v. Torver, Minor, 370; Lane v. Kirkman, Minor, 411.

 On this appeal we are of course bound by the record as certified by the clerk of the court. Allegations of facts in counsel's brief disputing the record cannot be considered by us. Hayes v. State, Ala.App., 33 So.2d 744;[1] Thompson v. State, 32 Ala.App. 402, 27 So.2d 55, certiorari denied 248 Ala. 270, 27 So.2d 59.

Application denied.