253 So.2d 513

Harold Leon EDWARDS

v.

STATE of Alabama.

2 Div. 515.

Supreme Court of Alabama.

Oct. 7, 1971.

Rehearing Denied Nov. 4, 1971.

William J. Baxley, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

Hubbard H. Harvey, Demopolis, for appellant.

. Valdhe F. Pitman, Oklahoma City, Okl., amicus curiae.

**590**

PER CURIAM.

The original opinion in this cause was withdrawn on rehearing and this opinion is substituted in place thereof.

Appellant was indicted in 1964 for murder in the first degree. He was tried, convicted, and sentenced to death. On appeal to this Court, his conviction was reversed and the cause remanded for a new trial. Edwards v. State, 279 Ala. 371, 185 So.2d 393.

In April, 1967, appellant was again tried, convicted, and sentenced to death. It is from such conviction and judgment that this appeal is perfected, under the provisions of the Automatic Appeal Statute, Act No. 249, General Acts 1943, page 217; Title 15, Section 382(1) et seq., Code 1940, 1955 Cumulative Pocket Part, 1958 Recompiled Code of Alabama.

The facts in this case were succinctly stated on first appeal, Edwards v. State, supra, and in the companion cases of Eaton v. State, 278 Ala. 224, 177 So.2d 444 and Coon v. State, 278 Ala. 581, 179 So.2d 710, and we deem it unnecessary to reiterate the facts here.

On this appeal, appellant first contends that the record shows that he had been confined to a mental institution at some prior time in his life and that it was error for him to be brought to trial without first having been examined by a psychiatrist.

The only reference in the record to the appellant's confinement in a mental hospital is contained in the report of the investigation requested by the court as to the indigency of the appellant after trial and in connection with appointment of appeal counsel. That part of the record containing such report, which was dated June 15, 1967, was filed by the clerk of the circuit court in response to an order by this Court based on one of several petitions for certiorari to correct the record. That part of the indigency report pertinent here is as follows:

"At the age of 17 subject was admitted by Court order to Central State Griffin Memorial Hospital, Norman, Oklahoma, where he was diagnosed as 'Sociopathic personality disorder with anti social reaction as manifester (sic) by stealing, lying, hostility, suspiciousness, poor judgment, and lack of insight.' "

One of the defenses of the defendant was not guilty by reason of insanity. However, the defendant put no witnesses on the stand who testified that he was insane. Dr. C. E. Kimbrough, a physician of Linden, called as a witness for the State, expressed his opinion that the defendant was sane from his observation of the accused while treating him in the Marengo County Jail at Linden. There was no evidence to give the lower court sufficient doubt concerning his competence to stand trial as there was in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. The record does not show that Edwards filed any motion requesting an investigation of his mental condition other than in a petition for writ of certiorari (therein he moved the Court to issue a writ requiring the clerk of the lower court to correct the record by forwarding to this Court defendant's motion for psychiatric examination). In response to the

writ issued by this Court, the Clerk of the Circuit Court of Sumter County replied that there was no motion for psychiatric examination in the second trial. We must conclude from the Clerk's reply to the writ that no motion was made to determine the defendant's mental competence to stand trial after reversal of the case by this Court following the first trial.

■ Appellant's argument that the trial court committed error in forcing him to trial in Sumter County, Alabama, where it was allegedly impossible for him to get a fair trial, is unavailing. This Court fails to find in the record before it any motion pertaining to change of venue as provided for by Section 267, Title 15, Code 1940, Recompiled in 1958. However, defendant did file a petition for writ of certiorari for the Clerk to send up a motion for change of venue. The Clerk replied that there was no motion for a change of venue filed in connection with the second trial. It is axiomatic that an appellate court is bound by the record and cannot consider contentions in appellant's brief not supported by the record. Dannelley v. State, 130 Ala. 132, 30 So. 452; Walker v. State, 223 Ala. 294, 135 So. 438; Dockery v. State, 269 Ala. 564, 114 So.2d 394. Thus this Court must conclude that no such motion was filed on the second trial.

■ In brief, it is argued that a confession was signed by the appellant without benefit of counsel; that it was error not to provide appellant with counsel before trial; and that it was error not to lay a proper predicate for the admission into evidence of the confession. There is nothing in the record to show that a signed confession was ever admitted into evidence on appellant's second trial. The following testimony of W. L. Stevens, an investigator for the State of Alabama, effectively disposes of appellant's contentions relating to any confession, to-wit:

"A. I met the plane, Melvin Stevens and I met the plane about 4:30 on December 18th, 1963. It was a State plane and Captain Godwin, Jack Hopper, this defendant, Edwards, and the defendant, Eaton, was on the plane along with two pilots. Melvin Stevens and I got Edwards and Eaton and placed them in—I was driving a State automobile—placed them in that automobile and drove them directly to the Linden jail at Linden, Alabama.

"Q. Who met you at the jail?

"A. Sheriff Wilmer Shields met me at the jail, and then we called you to come on over later.

"Q. And they were placed in the jail that night?

"A. They were.

"Q. Were they questioned that night?

"A. They were not.

"Q. The next day, were they questioned?

"A. They were.

"Q. Who did the questioning?

"A. You did some interrogation and I questioned them some and some of the other officers questioned them. You did most of the questioning.

"Q. Prior to the questioning that was done, what statement, if any, did I make to them?

"A. Edwards was the first subject questioned. He had a wound on the head. Dr. Cecil Kimbrough dressed this wound, and after he got through dressing the wound, you advised Mr. Edwards that he didn't have to make any statement, that any statement that he did make could be used against him in evidence. You advised him if he wasn't able to employ a lawyer, that you would appoint him a lawyer. He stated at that time that he didn't want a lawyer.

"Q. Did I tell him I would appoint a lawyer for him prior to any questioning?

"A. You did.

"Q. Was any offer of reward, any inducement or any threat made to him by me or any one else in your presence or his presence?

"A. There were not.

"Q. Did I advise him that anything he said could and would be used in a court of law?

"A. You did, before he made any statement.

"Q. Did he voluntarily say that he wanted to tell us how this happened?

"A. He did.

"Q. All right, what statement did he make there at that time?"

Following this predicate, W. L. Stevens then testified as to the statements made by the appellant relating to events which transpired from the time he (appellant) entered the State of Alabama, in the company of three other individuals, until the time the four were apprehended in the State of Texas.

No request was made for a hearing outside the presence of the jury on the voluntariness of the confession. As was our conclusion in Lokos v. State, 278 Ala. 586, 179 So.2d 714, under these circumstances, the requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, were not violated.

 We have carefully considered the argument presented in the amicus curiae brief filed with the permission of this Court. Basically, the argument presented therein is to the effect that the appellant was inadequately represented by counsel at trial and on appeal. This Court is not prone to condemn the trial tactics of counsel in the absence of a clear showing of improper or inadequate representation. Such a showing is not evident here. As for the appeal to this Court, some delay in the prescribed procedures was necessitated by the incomplete record initially filed and the subsequent completion thereof. Counsel for the appellant cannot be held accountable for this problem. We find no such inadequacy of counsel for the appellant.

The following appeared in the original opinion in this cause which was later withdrawn:

"Appellant complains in brief of the manner in which the qualification of the jurors was conducted by the trial court, citing Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, wherein the Supreme Court of the United States held that a sentence of death cannot be carried out if the jury that imposed it or recommended such punishment was chosen by excluding veniremen simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction.

"In brief, counsel for the appellant states, to-wit: 'The prospective jurors were asked if they would inflict capital punishment, and I remember that certain jurors were not allowed to serve in the case due to the fact they stated that they did not believe in capital punishment.' However, the certificate of the clerk of the lower court contains the following statement: 'The Presiding Judge did qualify the jury as to Capital punishment but no one was excused for this qualification.'

"The actual proceedings relative to the court's qualification of the jurors are not transcribed in the record before this court. Based on the clerk's certificate, we cannot say that there was a violation of the rule pronounced in *Witherspoon*, supra.

"The rule is that argument in brief reciting matters not disclosed by the record cannot be considered on appeal, Christian v. Reed, 265 Ala. 533, 92 So.2d 881; and the record cannot be impeached on appeal

by statements in brief, by affidavits, or by other evidence not appearing in the record. Coleman v. Estes, 281 Ala. 234, 201 So.2d 391; Liberty National Life Ins. Co. v. Patterson, 278 Ala. 43, 175 So.2d 737; Evans v. Avery, 272 Ala. 230, 130 So.2d 373."

On rehearing, the appellant presented strong argument pertaining to this court's treatment of the matter of the qualification of jurors concerning capital punishment. In its rehearing opinion, this Court recited that before submission a petition for certiorari to correct the record, alleging, among other things, that the transcript was incomplete pertaining to the proceedings concerning the qualification of jurors by the court on the matter of capital punishment, had been filed; that before submission pursuant to said petition a writ of certiorari was granted commanding the Clerk of the Circuit Court of Sumter County to make a diligent search of the records and procedure and to certify a full, complete transcript of the items mentioned in the writ, including the matter of the qualification of the jurors by the Court pertaining to capital punishment; and that instead of returning a full and complete transcript pertaining to this matter, the Clerk filed said certificate (which pertinent part appears in the heretofore-quoted part of the original opinion).

"THE STATE OF ALABAMA

VS.

HAROLD LEON EDWARDS

"Gentlemen of the Jury, this is the case of the State of Alabama versus Harold Leon Edwards, the Defendant, who is charged with the offense of Murder in the First Degree for the alleged death of Leonard H. Culpepper by indictment returned by the Grand Jury of this County February 11, 1964.

"You and each of you do solemnly swear you will truly answer the questions propounded to you by the Court touching

On April 8, 1971, upon reconsideration of this matter this Court held that such language in the certificate of said Clerk was not responsive to the writ; constituted an unacceptable conclusion; and was merely a narrative statement. The Court then withdrew its original opinion and directed the Clerk of this Court to issue a supplementary writ of certiorari requiring the Clerk of the Circuit Court of Sumter County to return to this Court a full, true and complete transcript of the proceedings pertaining to the qualification of the jurors concerning capital punishment. Thereafter, the Clerk of the Circuit Court of Sumter County filed a reply answer, which contained two instruments. One was a certificate from the official court reporter of the 17th Judicial Circuit of Alabama, in which she certified that she was present in the courtroom, took the testimony and all other proceedings in conjunction with the trial of this cause, and that there were no exceptions by the defendant to the qualification of the jury or she would have made a record of it. She further stated in her certificate that it was her recollection that no juror was challenged for cause because he or she did not believe in capital punishment.

Also attached to the return by said circuit clerk was an instrument which is set forth in full as follows:

IN THE CIRCUIT COURT OF

SUMTER COUNTY, ALABAMA.

CASE NO. 6893

your qualifications as to Jurors, so help you God?

"1. Have you a fixed opinion as to the guilt or innocense (sic) of the Defendant that would bias your verdict, if so hold up your hand?

"2. Have you a fixed opinion against penitentiary punishment, if so hold up your hand?

"3. For information purposes only, have you a fixed opinion against capital punishment, if so hold up your hand? (No jurors, special or regular held up his hand to this question).

"4. Are you related by blood or marriage to the Defendant or to the decedent in this case Leonard H. Culpepper, if so hold up your hand?

"5. Did you serve on the Grand Jury February 11, 1964 of which Mr. Everette Moore was foreman, if so hold up your hand?

"6. Did you serve on the jury on any other case where any of the other alleged co-defendants of this defendant were charged with this same offense or facts growing out of this alleged offense, if so hold-up (sic) your hand?

"After the jury had been selected and had been empanneled (sic) for the trial of this case, then the Court administered the following oath tothem (sic).

"You and each of you, do solemnly swear you will well and truly try the issuies (sic) joined between the State of Alabama and the prisoner, Harold Leon Edwards, and a true verdict render according to the evidence, so help you God?

> "S/ E. F. Hildreth
> Judge, 17th Judicial Circuit
> of Alabama

"Filed this the
11th day of April, 1967
S/ J. C. Scales, Clerk"

In connection with the court reporter's certificate we have no alternative other than to interpret the certificate as meaning that the court reporter did not take down in shorthand or does not now have the shorthand notes available from which a transcript can be made pertaining to the qualification of the jurors.

Rule 25, Supreme Court Rules, (Title 7, Appendix, Code of Alabama 1940), contains the following:

"* * * And in criminal cases the transcript shall not contain the organization of the grand jury which found the indictment, nor the venire, special (in a capital case) or general, for any grand or petit jury, nor the organization of regular juries for the week or term at which the case was tried, * * * unless some question thereon was raised before the trial court and there decided."

Essentially the same language is found in Section 380, Title 15, Code 1940 (Recompiled in 1958), to-wit:

"Such transcript must not contain mere orders of continuance, nor the organization of the grand jury which found the indictment, nor the venire for any grand or petit jury, nor the organization of regular juries for the week or time at which the case was tried, nor the order of the court for a special venire, or fixing a day for the trial of the defendant, unless some question thereon was raised before the trial court; but, in the absence of any such question, such proceedings are, upon appeal, presumed to have been regular and legal."[1]

However, in 1963 the Legislature of this State enacted certain legislation concerned with the matter of transcripts for indigent persons, which possibly repealed said Section 380, of Title 15, supra, in part, by implication. Said legislation is codified as Section 380(14–25) of the Code of Alabama 1940 (Recompiled in 1958). A necessity for a full and complete transcript is emphasized in these sections as follows:

Section 380(18), Title 15:

"* * * The trial judge shall find from the court reporter or reporters who took stenographic notes at the trial or hearing a general estimate of the costs of tran-

---

[1]. Said Rule 25 and Section 380 authorize the omission of proceedings from the transcript; however, they do not author- ize the court reporter to refrain from taking shorthand notes or machine notes of such proceedings.

scribing the evidence and other proceedings occurring at the trial or such part thereof as may be necessary to be transcribed to afford the appellate court with a record of sufficient completeness as a basis for a fair review of the points insisted upon by defendant or petitioner, * * *."

Section 380(20), Title 15:

"* * * (H)e shall make and enter an order requiring the court reporter to transcribe all or such parts of evidence of the proceedings occurring at the trial that may be necessary to afford the appellate court a record of sufficient completeness for review and shall order the clerk to prepare the record for appeal. * * *"

■ It is not necessary to make a determination of whether certain statutes and rules were repealed by said Section 380 (14–25), supra, because of a decision of the Supreme Court of the United States. The Supreme Court of the United States in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, stated the following:

"* * * a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction. No defendant can constitutionally be put to death at the hands of a tribunal so selected. * * *"

This Court is of the opinion that it is implicit in the Witherspoon holding that a full and complete transcript adequate for the purposes of appellate review must contain the proceedings incident to the selection and qualification of the jurors pertaining to capital punishment. Therefore, in order to determine whether the requirements of Witherspoon are met, neither this Court nor the trial courts should give force to any statutory authority, rule of court, or prior decision of this Court which would authorize the omission from the transcript of that portion of the proceedings pertaining to the qualification of jurors concerning capital punishment.

In Liddell v. State, 287 Ala. 299, 251 So.2d 601 (rendered after remandment on August 5, 1971) this Court reversed in connection with the Witherspoon doctrine and gave directions pertaining to a court reporter's duty as follows:

"The trial court should further make certain that the court reporter takes full notes from which a transcription can be made of the examination of the jurors relative to qualifying them."

This Court now proceeds to consider the adequacy and correctness of the instrument which the Clerk of the Circuit Court of Sumter County, Alabama, attached as a part of his reply to the second writ of certiorari issued in this cause. This instrument shows that it was signed by the Judge of the 17th Judicial Circuit of Alabama and recites that it was filed on April 11, 1967, the day of the trial. A scrutiny of that instrument shows that it reflects six questions were asked of the jury venire. Peculiarly, the instrument reveals an answer to only one of those questions, that being Question 3 pertaining to the matter of capital punishment. Such an instrument is not normally prepared and filed in the Clerk's office. This instrument was not included in the original transcript and was forwarded to this Court only after several writs to bring up a full and complete transcript were issued. However, the instrument does show on its face that a question was asked pertaining to fixed opinions against capital punishment and no juror, special or regular, held up his hand in answer thereto.

■ In his brief, the attorney for appellant contends that several jurors were excused for their belief against capital punishment. However, this Court has held that facts argued in the brief of a party cannot be considered but instead the record must be followed. Walker v. State, supra, and Christian v. Reed, 265 Ala. 533, 92 So.2d 881.

The certificates of a trial court clerk which certify that instruments and a transcript are true and correct are accepted as the sole and conclusive evidence of the proceedings in the circuit court for purposes of appeal. See Morris v. State, 268 Ala. 60, 104 So.2d 810, Patty v. State, 35 Ala.App. 247, 45 So.2d 333.

Therefore, this Court is of the opinion that as an appellate court it has no alternative but to accept the adequacy and correctness of said instrument as showing that no juror answered in the affirmative pertaining to have a fixed opinion against capital punishment and no juror was excused on that ground.

Having carefully examined the entire record for any reversible error, whether assigned or not, (Section 389, Title 15, Code of Alabama 1940, Recompiled in 1958), it is our opinion that the judgment of the trial court should be affirmed.

Affirmed.

HEFLIN, C. J., and LAWSON, SIMPSON, MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.