272 So.2d 593

**Edward Franklin COATNEY, alias**

v.

**STATE.**

**7 Div. 186.**

Court of Criminal Appeals of Alabama.

Jan. 23, 1973.

Hubert H. Wright, Gadsden, for appellant.

William J. Baxley, Atty. Gen. and Don C. Dickert, Asst. Atty. Gen., for the State.

RICHARD P. EMMET, Circuit Judge.

The defendant was indicted for the offense of forgery in the first degree, and upon his conviction received a sentence of five years imprisonment in the penitentiary.

I

The evidence shows the defendant presented a bank check to the manager of Picway Shoe Mart in the City of Gadsden on the 4th day of October, 1971, in payment for the purchase of two pairs of shoes and some socks.

The check was drawn on the joint account of Mr. or Mrs. Charles D. Walker. It was received into evidence as the trial's sole exhibit. As the maker it bears the signature, "Charles D. Walker."

The defendant received the purchased items and left the premises.

For reasons not logically apparent the defendant subsequently returned the merchandise. The check however was retained by the shoe store.

Within the next few days (there is dispute as to whether it was the next day or the day following) defendant was arrested and charged with forgery in the first degree.

The manager of the shoe store identified the defendant as the party making the purchase, presenting the check and later returning the merchandise.

Charles D. Walker upon an examination of the check (State's Exhibit No. 1) testified the signature was not his and that he had authorized no one to sign his name.

Ann Walker was identified from the witness stand as Mrs. Charles D. Walker and testified the signature in question was not her signature and she had authorized no one to sign her name.

All other testimony adduced was either immaterial or irrelevant.

The jury convicted.

## II

At the time of the filing of the Appellee's brief, no brief had been forthcoming from Appellant. Subsequently, Appellant did submit his brief.

Furthermore there is no motion for new trial found in the record.

As the points raised in these respective briefs are as separate as night and day and in the absence of any complained of errors enumerated in a motion for new trial and in the absence of a single evidentiary ruling adverse to Appellant, this Court is left to a general search for error.

In brief, Appellant raises a single issue which claims a federal constitutional infringement (Amendment V, U.S.Constitution) as a result of the following occurrence. Page 47 of the transcript reveals these proceedings:

"MR. MILLER: Judge, I would like to see you in chambers, for just a minute or two, with the District Attorney. It won't take but a minute or so.

"THE COURT: All right. You may be at ease for a few minutes, ladies and gentlemen.

"(Thereupon the Court, Counsel for the State and for the Defendant and the Defendant retired to the Court's chambers where the following occurred:)

"MR. MILLER: Judge, I want to say that I have advised my client, who has a bad record, that it is not advisable for him to take the stand. I have told him that it is very detrimental for anybody to take the stand who has a past record to be brought out. So I want to leave that decision strictly and solely up to my client, and let him put it in the record.

"MR. MILLER: Do you want to take the stand or not?

"THE DEFENDANT: Yes, I do intend to take the stand.

"THE COURT: That is your own decision.

"THE DEFENDANT: I know that, Judge.

"THE COURT: All right, let's go ahead.

"(Thereupon the Court and Counsel and the Defendant returned to the courtroom and the presence of the jury, and the proceedings were resumed.)"

The record further reveals that the defendant did not take the stand as a witness.

Complained of by Appellant is the inadequacy of the explanation of federal constitutional safeguards under Amendment V afforded one on trial. The argument is couched in language as to endeavor to make an application of some of the "Miranda-Escobedo-Boykin rights" essential and necessary in some form of judicial proceeding prior to a defendant taking the stand in his own behalf.

Significantly, no authority is cited in support of such contention.

■ The law might adopt such a ruling in the future, however questionable its wisdom, but the fact that in the instant case the defendant chose not to take the stand makes the question moot as far as this appeal is concerned. Courts are designed to weigh justiciable matters, not to decide abstract concerns.

■ The appellate courts will not search for constitutional objections on merely a general suggestion of unconstitutionality. State v. Dillard, 196 Ala. 539, 72 So. 56.

## III

At the conclusion of a very excellent and exceedingly impartial oral charge which was exhaustive of every applicable rule of law and after the trial court asked for any exceptions to the oral charge, the following occurred.

Defense counsel stated, "Judge, we have some written charges"; to which the court replied, "Yes, and you gave them to me so late, that I am not going to give them." Responding, defense counsel noted an exception. Upon this the case concluded.

■ It is true a trial court cannot fix any particular time during a trial at which written charges must be presented. Porter v. State, 234 Ala. 11, 174 So. 311.

The record contains no written charges.

■■ The transcript of a record certified by a circuit clerk as true and correct for the purpose of appeal imparts absolute verity and is accepted by a reviewing court as the sole, conclusive and unimpeachable evidence of proceedings. Morris v. State, 268 Ala. 60, 104 So.2d 810. Such a certificate is appended to the record in this cause so there exists nothing which requires a ruling upon this exception.

Specifically, Edwards v. State, 287 Ala. 588, 253 So.2d 513; and Patty v. State, 35 Ala.App. 247, 45 So.2d 333, so hold.

Hence, without the mentioned written charges appearing in the record there is nothing for review before this Court. Kiker v. State, 233 Ala. 448, 172 So. 290; Gaddis v. State, 39 Ala.App. 68, 94 So.2d 228.

The oral charge is to correctly and understandably state the law pertaining to a case.

■ Written charges generally are for the purpose of complementing the oral charge.

IV

The foregoing opinion was prepared by Honorable RICHARD P. EMMET, Circuit Judge, temporarily on duty on the Court pursuant to Subsection (4) of Section 38, Title 13, Code 1940, as amended; the Court has adopted his opinion as its own.

V

There being no error in the record, the judgment is due to be and is thereby

Affirmed.

All the Judges concur.

CATES, Presiding Judge (concurring especially).

I concur only because we do not know what was the import of the tendered written charges. In this posture we have error apparent on the record. (The oral charge must be taken down and it becomes a part of the record. Code 1940, T. 7 § 273, last sentence.). The request appears at the conclusion of the oral charge. An exception was reserved. See Vinson v. State, 10 Ala.App. 61, 64 So. 639; Gaddis v. State, 39 Ala.App. 68, 94 So.2d 228.

In Jackson v. State, 24 Ala.App. 601, 139 So. 576, a cavalier rejection and omission to endorse requested written instructions either as "given" or "refused" was held to be error. But the error was harmless because the charges apparently were otherwise covered or were not correct directions of law. Supreme Court Rule 45.

Here, we should have to resort to "speculation to guess" what the instant tendered charges said because they simply are not in the record before us.

Counsel on appeal bears the onus of getting a record up for the appellate court. Orum v. State, 286 Ala. 679, 245 So.2d 831. After decision we do not issue certiorari to patch up gaps. Sashner v. State, 46 Ala. App. 407, 243 So.2d 390.

Since the record is significantly silent, to reverse we should be guilty of ignoratio elenchi.

All the Judges concur.