PER CURIAM.
The appellant was found guilty by a jury of robbery. On this appeal he asserts error upon the admission into evidence of a police report. Appellant concedes that a portion of the police report was admissible into evidence because it was admitted at his request in order that he might cross-examine a police officer as to the officer’s credibility. Appellant urges, however, in his initial point on appeal, that only the first page of the four page report should have been admitted into evidence. The trial court ruled that the report should be considered as a unit, and thereafter appellant cross-examined from the entire report. This point does not demonstrate prejudicial error because appellant, having sought to impeach a witness upon the basis of statements contained in the report, cannot later object to the admission of the report upon the ground that it contains hearsay statements. See Cox v. State, Fla.App.1969, 219 So.2d 762. Cf. Morey v. State, 72 Fla. 45, 72 So. 490 (1916).
Appellant has presented two additional points. One point alleges that improper remarks were voiced by the state attorney in his closing argument. A second point claims prejudice in the use of certain photographs submitted to the victim for identification purposes prior to appellant’s arrest. The record does not support appellant’s claim of prejudice on either of these points. Reversible error has not been shown.
Affirmed.