ON REHEARING
Appellant contends on rehearing that we should reverse and remand for a new trial. In his brief, he states that: (1) there is a factual and legal difference between this *467 case and Pope, supra; (2) the procedure set out hereinabove for establishing a statement in lieu of a transcript is a civil procedure and was not authorized by legislation for use in a criminal case; and (3) pursuant to facts stated in appellant’s brief, it is impossible to get either an accurate transcript or a statement in lieu thereof.
When we first determined that the record on appeal in this case did not contain an accurate transcript of the evidence, we then became legally unable to make a determination of the case on the facts presented. We cannot consider any legal or factual differences between this case and Pope on their merits. For purposes of this opinion, they are treated the same in that an accurate transcript was not furnished to either of the indigent appellants.
Through his brief on rehearing, appellant tells us that it is impossible to obtain an accurate transcript or a statement in lieu thereof. While we have no reason to doubt this, it is not a matter appearing of record. This Court cannot go outside the record. Allegations in appellant’s brief reciting matters not disclosed in the record cannot be considered. Edwards v. State, 287 Ala. 588, 253 So.2d 513 (1971).
While we may agree with counsel’s contention that Title 7, 827(3) and International Brotherhood of Teamsters, etc. v. Hatas, supra, refer to civil rather than criminal procedure, nevertheless we were directed by the Alabama Supreme Court to consider that procedure on remandment in the Pope ease.
The trial court is the proper forum to determine whether or not the failure to file a transcript was the fault of the appellant. Likewise it is the proper forum for determining whether or not it is possible to provide an accurate transcript or á statement in lieu of a transcript. If appellant can present factual and legal matter to the trial court to support the allegations, as expressed in his brief on rehearing, the trial court should make a finding to that effect. The trial court is authorized to grant a new trial if its findings in this regard are favorable to appellant. Swanson v. State (1976), Ala.Cr.App.-, 346 So.2d 1162.
OPINION EXTENDED; APPLICATION OVERRULED.
All the Judges concur.