HUBERT TAYLOR, Judge.
Appellant, Delton Ray Harris, was found guilty of the offense of burglary in the third degree and sentenced to fifteen years in the penitentiary.
Harris was detained in one of the State prison facilities at the time of trial. At the time he was escorted to the court room for his trial, the back of the shirt he was wearing had inscribed on it “Alabama Department of Corrections.” Harris contends this inscription was highly prejudicial and that several jurors observed the event.
A review of the record indicates that there is some uncertainty as to whether any jurors were present at the time Harris was in the court room. It is elementary law, of course, that an accused is presumed innocent until proved guilty and cannot be convicted on the basis of prior offenses unless one of the exceptions to that general proposition becomes relevant.
After reviewing the record, we cannot determine whether any of the jurors were present or observed the shirt of Harris. An appellate court is bound by the record and will not consider allegations of an appellant not supported by the record. Edwards v. State, 287 Ala. 588, 253 So.2d 513 (1971).
The proper procedure would have been for Harris to request a hearing for the purpose of determining whether any of the jurors had observed the shirt. This was not done. Rather, Harris requested a continuance until the next court session. The failure of Harris to request a hearing on the matter he now complains of as being error acts as a waiver on this particular issue.. Also, no prejudice has been shown because of Harris’s wearing the shirt. Annot., 26 A.L.R.Fed. 535, 550, § 6 (1976).
The judgment of the lower court is hereby affirmed.
AFFIRMED.
All the Judges concur.