Roger Dale McInnish, the appellant, was convicted of driving under the influence of alcohol in violation of Ala. Code 1975, § 32-5A-191(a)(1). His sentence of 40 days in the county jail was suspended and he was placed on unsupervised probation and was fined $300. He raises two issues on this appeal from that conviction. *Page 936 
 I.
The trial court properly denied the appellant's challenge for cause to venire members Hester and Holly. Both of these individuals, upon initial inquiry, indicated that they had a "strong religious or moral belief against the use of alcohol." However, upon individual questioning, Holly stated that "if the evidence showed that [the appellant] wasn't really soused, I would not let it affect my thinking." Hester stated that she did not "think" that the fact that the appellant had been drinking before his arrest would "affect [her] ability to decide this case based on the law [and] evidence," but that it "might . . . affect her ability based on [her] strong opposition to alcohol." Upon further inquiry, Hester stated that she could "be fair" and "go by the evidence."
Here, there was no showing that the venire members had fixed or "strong and deep impressions which will close the mind against the testimony." Ex parte Beam, 512 So.2d 723, 724
(Ala. 1987). Furthermore, in a prosecution for driving while intoxicated, the fact that an accused has been drinking prior to the time of the incident would be a proper fact for the jury to consider. That is not the type of prejudgment or fixed opinion which constitutes the basis for a challenge for cause of a venire member.
 II.
The appellant argues that the DUI roadblock involved in this case constitutes an unconstitutional search and seizure.
The appellant filed a pretrial motion to dismiss. Two grounds of that motion were that there was no probable cause for his arrest and that the arrest was in violation of the Fourth Amendment to the Constitution of the United States. The record contains no ruling on that motion.
At the close of the State's case-in-chief, defense counsel's motion for a judgment of acquittal included the following:
 "[MR. LOWERY, defense counsel] I renew the motion to suppress on the grounds the roadblock at the time was unconstitutional and violated the fourth amendment rights against unreasonable search and seizure.
 "MR. HARGETT [district attorney]: I didn't recall the motion to suppress.
 "MR. LOWERY: It's a motion to dismiss, actually. Judge, that's all the motions I have at this time. Judge, I would furnish you — Well, I'll renew each of these motions when we take a break, and I'll furnish you with a citation of each and every case regarding the standard of roadblocks at our next break.
 "THE COURT: Okay, the motions are denied and overruled."
After presenting evidence on behalf of the appellant, defense counsel stated only that he "wish[ed] to renew each and every motion . . . made at the conclusion of the State's case."
Under the facts of this case, we do not consider this issue to have been sufficiently preserved for consideration on appeal. There was no pretrial motion to suppress. There was no request for a ruling on the pretrial motion to dismiss. At trial, the arresting officer testified, without objection, to the fact that the appellant was stopped at a "license check." In both the motion to suppress (made in conjunction with the motion for judgment of acquittal) and the renewed motion to suppress, the appellant failed to state any reasons to support his allegation that the license check or roadblock was unconstitutional. Although defense counsel did indicate that he was going to furnish the trial court with "a citation of each and every case regarding the standard of roadblocks," the record contains no further mention of this matter.
License checks, sobriety checkpoints, and roadblocks are not intrinsically unconstitutional, Michigan Department ofState Police v. Sitz, ___ U.S. ___, 110 S.Ct. 2481,110 L.Ed.2d 412 (1990), although the manner in which they are conducted may be unconstitutional, Cains v. State, 555 So.2d 290
(Ala.Cr.App. 1989). Here, the issue of the constitutionality of the stop of the appellant is not preserved for appellate review because the appellant *Page 937 
never told the trial court why or how the roadblock was unconstitutional.
"[T]he trial court is not required to cast about for tenable grounds of objection." Watkins v. State, 219 Ala. 254,255, 122 So. 610, 611 (1929). "This Court will not search for constitutional objection on mere general suggestion of unconstitutionality. State v. Dillard, 196 Ala. 539, 72 So. 56;Coatney v. State, 49 Ala. App. 385, 272 So.2d 593." Thomas v.State, 50 Ala. App. 227, 234, 278 So.2d 230, 236 (1973).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.